# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PHILLIP R. BALL,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1126**  (BOR Appeal No. 2045548)
(Claim No. 2002032810)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PANTHER BRANCH COAL CO.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Phillip R. Ball, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 18, 2011, in which the Board affirmed a January 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 12, 2010, denial of Mr. Ball's request for authorization for an MRI of his lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Ball was injured on August 31, 2001, in the course of his employment with Panther Branch Coal Co., while lifting a rail up onto a jack. Mr. Ball was diagnosed with an acute lumbosacral strain and the claim was found compensable for displaced intervertebral disc by the claims administrator on January 25, 2002. Mr. Ball was also granted a permanent partial disability award of 8% on October 21, 2004.

Over the next decade, Mr. Ball received various treatments, including lumbar spine surgery on March 2, 2009. Mr. Ball has also received several MRIs, all of which indicated degenerative changes. Following his surgery in March of 2009, Mr. Ball had nearly a year of reduced back pain. But by the end of March of 2010, Mr. Ball went to Dr. Weinsweig, complaining of increasing back pain. On March 23, 2010, Dr. Weinsweig requested authorization from the claims administrator for an MRI to diagnose the cause of Mr. Ball's symptoms in anticipation of future surgery. The claims administrator referred the case to Dr. Stemple for an evaluation of Mr. Ball's need for an MRI. Dr. Stemple recommended against authorizing an MRI of Mr. Ball's lumbar spine. Considering that Mr. Ball's prior MRIs revealed signs of degenerative disc disease, Dr. Stemple believed an MRI would be an excessively sensitive diagnostic tool.  Dr. Stemple opined that unless the MRI was requested to diagnose progressive and severe neurologic deficits or to rule out serious pathologies such as a tumor, it was an unnecessary diagnostic tool in this case. Based on Dr. Stemple's recommendation, the claims administrator denied Dr. Weinsweig's request on April 12, 2010. The denial was affirmed by the Office of Judges on January 19, 2011, and by the Board of Review on July 18, 2011, leading to this appeal.

The Office of Judges concluded that there was no objective basis for authorizing a lumbar MRI and affirmed the claims administrator's decision. The Office of Judges relied on the opinion of Dr. Stemple and found that although Mr. Ball was having pain, he had not submitted enough evidence to support his request for an additional MRI. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on July 18, 2011.

The conclusions of the Board of Review and the Office of Judges are based on a material mischaracterization of the evidence in the record. Mr. Ball has submitted enough evidence to justify his request for an additional lumbar MRI. Although the treatment notes of Dr. Weinsweig, indicating that Mr. Ball needs an additional MRI, are based primarily on Mr. Ball's subjective complaints, there is sufficient evidence, considering the record as a whole, that the request is reasonably related to Mr. Ball's compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is clearly based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed, and the case is remanded with instructions to authorize an MRI of Mr. Ball's lumbar spine according to Dr. Weinsweig's March 23, 2010, request.

Reversed and Remanded.

**ISSUED:** **July 15, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II